In the Matter of the Claim of MARTIN BREAULT, Appellant, against CENTRAL NEW YORK INSULATING COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board reversing a referee's decision and disallowing appellant's claim on the finding that he was not an employee of Central New York Insulating Company (here called Central New York) but was an independent contractor working for different manufacturers on a commission basis. Claimant received the injuries for which he claimed compensation benefits in an automobile accident. The evidence showed that he sold various products of Central New York as well as of other manufacturers, some of which were products competing with those of Central New York. He worked solely on a commission basis, and had no drawing account. He and one Frye, who was with him at the time of the accident, worked together as partners, splitting commissions. Claimant had a sign at the door of his house reading, "Martin K. Breault, Metal Awnings". Claimant's testimony that Central New York provided him with leads or prospects was controverted and there was substantial evidence that he and Frye were free of direction of the company as to times, location and details of their work. The company manager testified that he had unsuccessfully sought to persuade both claimant and Frye to become employees to sell the company's products only. The decision of the board that claimant was an independent contractor rather than an employee is amply sustained by the evidence. Decision of the Workmen's Compensation Board unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See post, p. 1093.]

In the Matter of the Claim of HENRY BERKOWITZ, Respondent, against GOTTFRIED BAKING Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award of compensation made by the Workmen's Compensation Board to an injured employee. The employer operated a bakery plant in New York City in the vicinity of 11th Avenue between 50th and 52nd Streets. Claimant was employed as a route man to deliver baked goods in a truck to various stores. He was required to go to work at an early hour in the morning and did not eat breakfast at home. He was assigned to a specific bin at a loading platform and on occasion had to wait until another truck ahead of him was loaded. On the morning of the accident he did not go first to the place where his truck was garaged but went directly to his loading bin. Finding it occupied he went to a restaurant some four blocks away to get his breakfast. On his way back he was struck by an automobile and injured. The issue of course is whether the accident arose out of and in the course of claimant's employment. We think it was well within the factual powers of the board to find that it did. There is evidence that it was a custom and practice of route men to go out for breakfast when they were compelled to wait as other trucks were being loaded; that this practice was known to the employer and no objection was made against it. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.